**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEVIN JOSTIN TERRONES-FRANCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-78-D** |
| | ) | |
| **PAMELA BONDI et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Counsel for Petitioner subsequently filed an "Emergency Ex Parte Motion for Issuance of Order to Show Cause." (ECF No. 6). In the Motion, citing 28 U.S.C. § 2243, Petitioner "respectfully requests that this Court 'forthwith' issue an order directing Respondents to show cause why the petition for a writ of habeas corpus filed by Petitioner . . . should not be granted." (ECF No. 6). Section 2243, in turn, states, in part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243. Thus, Petitioner has filed this Motion to "issue an emergency order to show cause within three days or issue a Writ of Habeas Corpus ordering Respondents to release the Petitioner from detention." (ECF No. 6:2). To the extent Petitioner asserts that the Court *must* "forthwith" issue an order to show cause directing Respondents to

answer the petition within three days, the Court disagrees. As explained below, the alleged timeline requirements under § 2243 were superseded by Congress's adoption of Habeas Rule 4 and do not apply to this case. *See* Habeas Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The Motion **(ECF No. 6)** is **DENIED**.

## ANALYSIS

Section 2243 was enacted in 1948. There is nothing therein which restricts its application to § 2241 petitions challenging ICE detention. If the Court were to accept that a mandatory, three-day timeline applies based on 28 U.S.C. § 2243 it would appear to apply to all § 2241 and § 2254 habeas petitions. The Attorney General would then have to file an answer within three days to habeas petitions challenging a state judgment and/or the prison's calculation of good time credits. By its terms, the statute would also require the Court to hold a mandatory hearing on every § 2241 and § 2254 habeas petition that is not summarily dismissed. *Compare* 28 U.S.C. § 2243 (requiring a habeas hearing within five days, unless that time is extended) with *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) ("In all but these extraordinary cases, AEDPA 'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners' ").

Since § 2243 was enacted, however, Congress adopted in 1976 the Rules Governing Section 2254 Cases in the United States District Courts. *See* Pub.L. 94–426, § 1, 90 Stat. 1334 (1976) ("§ 2254 Habeas Rules"). As explained below, those rules supersede, as applied to this case, the timeline requirements under § 2243.

Petitioner filed this habeas petition under § 2241. *See* ECF No. 1. The Court may apply the § 2254 habeas rules to this § 2241 petition. *See* § 2254 Habeas Rules, Rule

1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12. Generally, Respondents need not answer a habeas petition until the Court has ordered an answer. § 2254 Habeas Rules, Rule 4. Habeas Rule 4 grants a district judge discretion to set a time for respondents to answer or otherwise respond to the habeas petition. *Id.* ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

The Rules Advisory Committee expressly contemplated that Habeas Rule 4's discretionary timeline would supersede § 2243's outdated timeline requirements:

> **In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made.** Under § 2243, the respondent must make a return within three days after being so ordered, with additional time of up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Rules Governing § 2254 cases, Rule 4, Advisory Committee Notes (1976 Adoption) (emphasis added) (internal citation omitted), *quoted in Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985).

Based on these principles, numerous courts of appeals have concluded that if there is conflict between timeline requirements under Habeas Rule 4 and § 2243, Habeas Rule

4 supersedes the statute. *Bradin v. Thomas*, 823 F. App'x 648, 656-57 (10th Cir. Aug. 13, 2020) (unpublished) (as to § 2241 petition, finding no abuse of discretion in the district court's ruling that "28 U.S.C. § 2243's time limit for filing an answer ... is subordinate to Habeas Rule 4, which contains no fixed time requirement but instead gives district courts considerable discretion in setting deadlines for responses to habeas petitions."); *Bleitner v. Welborn,* 15 F.3d 652, 653–54 (7th Cir. 1994) (noting that Rule 4, which has "the force of a superseding statute ... loosened up the deadline for responses"); *Clutchette v. Rushen*, 770 F.2d 1469, 1474 (9th Cir. 1985) (Habeas Rule 4 supersedes § 2243's timeline requirement); *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (applying Habeas Rule 4 to § 2241 petition to supersede § 2243's timeline requirements); *see also France v. State*, No. 1:13CV250, 2014 WL 11997461, at *2 (M.D.N.C. Apr. 30, 2014) (finding Rule 4 superseded § 2243)), *aff'd*, 584 F. App'x 117 (4th Cir. 2014); *see also Hudson v. Harvanek*, No. CIV 22-290-RAW-JAR, 2023 WL 5533526, at *1 (E.D. Okla. Aug. 28, 2023).

Here, the Court in its discretion applies Habeas Rule 4's discretionary timeline to this proceeding. § 2254 Habeas Rules, Rule 1(b) (allowing district court in its discretion to apply § 2254 habeas rules to § 2241 petitions). Habeas Rule 4 grants a district court discretion to determine when and whether a response to a petition should be filed. A separate order shall issue outlining the deadlines in this case.

ENTERED on February 12, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE