**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KEVIN JOSTIN TERRONES-FRANCIA, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   **Case No. CIV-26-78-D** |
| | ) |
| TODD BLANCHE et al., | ) |
| | ) |
|     Respondents. | ) |

**ORDER DIRECTING AMENDED PLEADINGS AND SUPPLEMENTAL BRIEFING**

This matter comes before the Court on the Petition for Writ of Habeas Corpus (ECF No. 1), Respondents' Response in Opposition (ECF No. 11), Petitioner's Reply (ECF No. 12), Petitioner's Supplemental Reply (ECF No. 14), and Respondents' Supplemental Brief (ECF No. 16). For the reasons set forth below, intervening binding authority and unresolved factual questions concerning the statutory basis for Petitioner's detention require further, focused briefing before the Court can determine whether Petitioner is entitled to relief.

## I.    BACKGROUND

Petitioner, who is represented by counsel, challenges his detention by U.S. Immigration and Customs Enforcement (ICE). The Court has now twice found the briefing inadequate to resolve the Petition. In its March 24, 2026 Order (ECF No. 13), the Court found that Petitioner's Due Process claim did "little more than provide counsel's general thoughts and arguments," that "[a]side from references to the Fifth Amendment, counsel provides no law in support of her musings," and that Petitioner's regulatory claim rested on a single "conclusory statement" with "no case law or other support." (ECF No. 13:1).

The Court further observed that Petitioner "repeatedly refers to exhibits throughout the Petition that are not attached to any of the briefs," and that the regulation Petitioner invokes "does not even contain the term 'materially changed circumstances'" on which his claim depends. (ECF No. 13:1-2). Although the Court found itself "tempted to recommend that the Court deny the Petition for failure to properly state and develop the legal arguments," it instead afforded Petitioner an opportunity to cure by supplemental briefing. (ECF No. 13:2)

Petitioner's supplemental filing (ECF No. 14) abandoned the framework of the Petition, and raised for the first time entirely new theories, including a claim under 8 U.S.C. § 1226, an Administrative Procedure Act claim, and the *Accardi* doctrine, none of which appeared in the operative Petition. (ECF No. 14:6). The Court's May 26, 2026, Order again identified gaps in the record and directed the parties to address the circumstances of Petitioner's release and re-detention. (ECF No. 15). It is Petitioner's burden to establish that "[h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Because Petitioner is represented by counsel, the Court "will not liberally construe his Petition to include claims or law that Petitioner's counsel failed to develop." (ECF No. 13:2) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The present state of the briefing does not permit the Court to identify, much less adjudicate, the statutory basis for Petitioner's detention.

Two developments now make a final, focused round of amended pleadings necessary. The Court orders this additional round on the express understanding that it is Petitioner's last opportunity to state and support his claims.

## II.    INTERVENING TENTH CIRCUIT AUTHORITY

On June 30, 2026, the Tenth Circuit issued its published decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, (10th Cir. June 30, 2026). The court held that 8 U.S.C. § 1225(b)(2)(A) is limited to noncitizens seeking admission at the border, and that a noncitizen who entered the United States without admission and is thereafter detained in the interior of the country is generally subject to 8 U.S.C. § 1226(a), and therefore eligible for a bond hearing, rather than to mandatory detention under § 1225(b)(2)(A). The court reasoned that "applicant for admission" and "seeking admission" are distinct statutory requirements; that a noncitizen already present in the country is "categorically unable to seek admission while [he] remain[s] in the country"; and that the post-entry filing of an application for relief such as asylum confers lawful status but does not render a noncitizen "seeking admission." *Santillan Quiroz*, 2026 WL 1876709, at *7.

The parties have not had the opportunity to address *Santillan Quiroz*. Its holding bears on Respondents' § 1225(b)(2)(A) theory, on Respondents' reliance on out-of-circuit district authority holding that the filing of an asylum application renders a noncitizen an applicant for admission (ECF No. 11:5), and on the appropriate remedy should the Court conclude that § 1226(a) governs. Just as importantly, the decision supplies the developed legal framework whose absence the Court has repeatedly noted in Petitioner's filings. Petitioner is now on notice of the controlling authority, and the Court expects his amended pleading to engage it directly rather than gesture at it.

### III. UNRESOLVED FACTUAL QUESTIONS REGARDING PETITIONER'S ENCOUNTERS, RELEASE, AND RE-DETENTION

The record reflects a sequence of encounters and custody decisions whose legal significance the parties have not adequately developed.

First, a Form I-213 reflects that Petitioner was encountered by U.S. Border Patrol near Calexico, California, on or about August 28, 2022; that a Border Patrol Agent determined he had entered without inspection, admission, or parole; and that he was released from custody at that time with instructions to report to ICE Enforcement and Removal Operations (ERO) upon arriving at his final destination. (ECF No. 6-1). Petitioner was not placed into removal proceedings until August 29, 2023, when he reported to ERO Newark, was issued a Notice to Appear charging him under 8 U.S.C. § 1182(a)(6)(A)(i), and was released on an Order of Release on Recognizance (Form I-220A) reciting that release was granted "[i]n accordance with section 236 of the Immigration and Nationality Act." (ECF No. 11-1:1; ECF No. 16-1:1). The legal significance of this sequence, namely an initial border encounter resulting in release followed by a deferred issuance of the Notice to Appear in the interior more than a year later, may be material to whether § 1225(b)(2)(A) or § 1226(a) governs under *Santillan Quiroz*. Petitioner references the border encounter only in passing and has developed no argument from it.

Second, and separately, the parties dispute the reason for Petitioner's re-detention, and that dispute is not resolved on the current record. Petitioner asserts that he was re-detained on December 2, 2025, at a routine ICE check-in, while he was in compliance with the conditions of his release, and that Respondents provided no notice or cause for revoking his release. *See* ECF No. 12:2. Respondents, by contrast, assert in

their Supplemental Brief that Petitioner's release was revoked because he violated a condition of his I-220A: specifically, that the I-220A required Petitioner to secure written permission before changing his place of residence and directed him to report to an ERO Field Office in New York, yet Petitioner was taken into custody in Oklahoma in December 2025. (ECF No. 16:8).  Respondents contend that Petitioner "neither offers a copy of his written permission . . . to change his place of residence . . . nor even mentions whether he received such written permission," and that a failure to secure such permission "is grounds for revocation." (ECF No. 16:7–8). Petitioner has not responded to this asserted basis for revocation, and the parties have not squarely joined the factual questions of whether Petitioner in fact relocated, whether he obtained or sought the required permission, and whether his re-detention occurred at or in connection with his December 2, 2025, check-in. These questions bear directly on Petitioner's claim that his release was revoked without cause or notice, and the Court cannot resolve that claim on the present record.

## IV.    DIRECTIONS TO THE PARTIES

Because Petitioner is represented by counsel, the Court will not liberally construe his filings, supply legal theories counsel has failed to develop, "round out" his allegations, or hunt through the record for support he has not marshaled. *See Hall*, 935 F.2d at 1110. The Court has afforded Petitioner more than one opportunity to state and support his claims. This is his last. Petitioner is cautioned that if his Amended Petition again fails to plead his claims with particularity and to support them with pertinent legal authority, the Court may recommend that the Petition be denied for failure to state and develop his claims, without further leave to amend.

Thus, no later than **July 23, 2026**, Petitioner shall file an Amended Petition for Writ of Habeas Corpus that supersedes ECF No. 1 in its entirety and that:

- states plainly and unambiguously the statutory provision under which Petitioner contends he is presently detained;

- sets forth each ground for relief with the particularity required of habeas petitions, stating the specific facts supporting each ground and the specific relief requested, and does not rely on conclusory assertions of the kind the Court has already identified (*see* ECF No. 13:1–2);

- identifies, for each claim, whether it arises under the Constitution, a federal statute, or a federal regulation, and cites the controlling or persuasive legal authority establishing Petitioner's entitlement to relief on that claim;

- affirmatively addresses *Santillan Quiroz v. Mullin*, No. 26-6019 (10th Cir. June 30, 2026), and states how, in Petitioner's view, that decision applies to the facts of this case; and

- attaches, or expressly incorporates by specific ECF citation, every document on which Petitioner relies. The Court will not consider references to exhibits that are not in the record. *See* ECF No. 13 at 2.

The Amended Petition shall be the operative pleading. Any claim, legal theory, or factual assertion not contained within it will be deemed waived, including the claims Petitioner attempted to raise for the first time in his Supplemental Reply. (ECF No. 14). If Petitioner intends to proceed on a theory that his detention is governed by § 1226(a), he must plead that claim in the Amended Petition, and he may not rely on its assertion in prior reply briefing.

No later than **August 6, 2026**, Respondents shall file an Amended Response that:

- states plainly the statutory provision under which Respondents contend Petitioner is presently detained, and whether Respondents continue to contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A);

- addresses the effect of *Santillan Quiroz* on Respondents' position, and, if Respondents maintain that § 1225(b)(2)(A) applies, explains how that position can be reconciled with the holding of *Santillan Quiroz*;

- addresses whether the post-entry filing of Petitioner's Form I-589 Application for Asylum (ECF No. 11-2) has any bearing on the applicable detention provision in light of *Santillan Quiroz*'s treatment of post-entry applications for relief; and

- reconciles Respondents' contention that Petitioner is detained under § 1225(b)(2)(A) with (i) Respondents' reliance on 8 C.F.R. § 236.1(c)(9) as the asserted basis for revoking Petitioner's release (ECF No. 16:7), and (ii) the recital in the Form I-220A that release was granted "[i]n accordance with section 236 of the Immigration and Nationality Act" (ECF No. 16-1:1).

In their respective amended filings, both parties shall address:

- the legal significance, for the § 1225(b)(2)(A) versus § 1226(a) question, of Petitioner's August 28, 2022 encounter with U.S. Border Patrol near Calexico, California, and his release from custody at that time (ECF No. 6-1);

- the legal significance of the deferred issuance of Petitioner's Notice to Appear on August 29, 2023, at ERO Newark, more than one year after the border encounter, and whether that sequence bears on whether Petitioner was ever detained or processed under § 1225;

- the factual and legal basis for Petitioner's December 2025 re-detention, including (i) whether the re-detention occurred at or in connection with Petitioner's December 2, 2025 ICE check-in; (ii) whether Petitioner changed his place of residence from New York to Oklahoma; (iii) whether Petitioner sought or obtained the written permission required by his I-220A before doing so; and (iv) whether Respondents contend that any such change of residence constituted a violation of the conditions of release justifying revocation (see ECF No. 12:2; ECF No. 16:7–8; ECF No. 16-1); and

- if the Court concludes that § 1226(a) governs Petitioner's detention, the appropriate remedy, including whether the appropriate remedy is an order directing Respondents to provide Petitioner a bond hearing before an immigration judge or to release him, rather than an order of immediate release. *See Santillan Quiroz*, slip op. at 48 & n.13.

Each party shall attach all documents relevant to its amended filing. Consistent with the Court's prior Order (ECF No. 9), Respondents shall provide documentation specific to Petitioner's current detention, including the statutory basis for the December 2025 re-detention, any documentation of the conditions Petitioner is alleged to have

violated, and any notice provided to Petitioner in connection with the revocation of his release.

## V.    CONCLUSION

The Amended Petition shall be filed no later than **July 23, 2026.** The Amended Response shall be filed no later than **August 6, 2026.** Petitioner may file a reply, not to exceed 10 pages, no later than **August 13, 2026**. The Court will resolve the Petition on the amended pleadings and will not consider legal theories or factual assertions not developed therein.

ENTERED on July 9, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE